**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GEORGE PHELPS,<br><br>    Plaintiff;<br><br>v.<br><br>COLLEGIATE HOUSING SERVICES,<br>INC.,<br><br>    Defendant. | <u>**JURY DEMANDED**</u><br><br>Civil Action<br><br>No. <u>  2:21-cv-02858  </u> |

<u>**COMPLAINT**</u>

Plaintiff, George Phelps, by and through his undersigned counsel, files this Complaint and avers as follows:

<u>**PARTIES AND JURISDICTION**</u>

1. Plaintiff, George Phelps ("Plaintiff"), is an adult individual residing in Kennett Square, Chester County, Pennsylvania.

2. Upon information and belief, Defendant Collegiate Housing Services, Inc. ("Defendant"), is an Indiana corporation, headquartered in Indianapolis, Indiana, with a business address of 750 Pennsylvania Drive, Exton, Chester County, Pennsylvania 19341.

3. At all times material hereto, Plaintiff was an employee of Defendant at 750 Pennsylvania Drive, Exton, Chester County, Pennsylvania 19341.

4. At all times material hereto, Defendant was Plaintiff's employer at 750 Pennsylvania Drive, Exton, Chester County, Pennsylvania 19341.

5. At all times material hereto, Defendant acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

6. Plaintiff has exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act. (See Exhibit "A", a true and correct copy of the "Notice of Right to Sue" issued by the Equal Employment Opportunity Commission.)

7. This action is instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

8. Jurisdiction is conferred by 28 U.S.C. § 1331 and § 1343.

9. Supplemental jurisdiction over the Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

10. The venue is properly laid in this district because Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. §§ 1391(b)(1) and (b)(2). Plaintiff was working in the Eastern District of Pennsylvania at the time of the illegal conduct by Defendant, as set forth herein.

## **OPERATIVE FACTS**

11. Plaintiff is male.

12. In or around April of 2018, Defendant hired Plaintiff as an Apartment Inspector at its location in Exton, Pennsylvania.

13. Plaintiff was qualified for his position as an Apartment Inspector, and performed all of his job duties to Defendant's satisfaction and without complaint or issue.

14. Upon beginning his employment with Defendant, Plaintiff experienced sexual harassment from his Supervisor, Jennifer Lahr.

15. The sexual harassment by Ms. Lahr included, but is not limited to, the following:

    a. Subjecting Plaintiff to sexually-explicit stories, including one where she once dated a man who "wouldn't go all the way" while graphically explaining the conduct they engaged in;

    b. Using code words/language to talk about sexual intercourse, for example, Ms. Lahr told Plaintiff, "no asparagus this weekend," to indicate that she had not engaged in sexual intercourse; and,

    c. Nicknaming Plaintiff, "Slutty Marine," and writing such on his birthday card.

16. On or about August 05, 2019, Plaintiff called Defendant's National Director, Amanda Wiley, to file a hostile work environment and sexual harassment complaint against Ms. Lahr.

17. On or about August 09, 2019, Plaintiff was terminated by Ms. Lahr for allegedly not having inspected an apartment and failing to upload the photos to the Rent Manager application on July 15, 2019, even though Ms. Lahr and the IT Department were aware that the application was experiencing technical issues based upon Plaintiff's report of the pictures failing to upload.

### CAUSES OF ACTION

**Count I**
**Unlawful Supervisory Harassment/Hostile Work**
**Environment Based on Sex in Violation of**
**Title VII of the Civil Rights Act of 1964,**
**42 U.S.C. § 2000e, et seq. ("Title VII")**

18. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

19. Plaintiff, who is male, is a member of a class protected by Title VII, i.e. sex.

20. Plaintiff is an "employee" of Defendant as such term is defined pursuant to Title VII.

21. Defendant is an "employer" of Plaintiff as such term is defined pursuant to Title VII.

22. Plaintiff was subjected to sexual harassment/hostile work environment as described above by his Supervisor, Jennifer Lahr.

23. Ms. Lahr's conduct was not welcomed by Plaintiff.

24. Ms. Lahr's conduct was motivated by the fact that Plaintiff is a male.

25. The conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

26. Plaintiff believed his work environment to be hostile or abusive as a result of Ms. Lahr's conduct.

27. Defendant failed to prevent or cease the harassment by Ms. Lahr.

28. As such, Defendant's actions are an unlawful employment practice under Title VII.

29. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including, but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages, and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

30. As a result of Defendant's malicious or reckless indifference to Plaintiff's rights, Plaintiff demands punitive damages.

31. Pursuant to Section 704(a) of Title VII, Plaintiff demands attorneys' fees and costs.

**Count II**
**Unlawful Supervisory Harassment/Hostile Work
Environment Based on Sex in Violation of the
Pennsylvania Human Relations Act, 43 P.S. §
951, _et_ _seq_. ("PHRA")**

32. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

33. Plaintiff, who is male, is a member of a class protected by the PHRA, i.e. sex.

34. Plaintiff is an "employee" of Defendant and "person" as such terms are defined pursuant to the PHRA.

35. Defendant is an "employer" of Plaintiff as such term is defined pursuant to the PHRA.

36. Plaintiff was subjected to sexual harassment/hostile work environment as described above by his Supervisor, Jennifer Lahr.

37. Ms. Lahr's conduct was not welcomed by Plaintiff.

38. Ms. Lahr's conduct was motivated by the fact that Plaintiff is a male.

39. The conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

40. Plaintiff believed his work environment to be hostile or abusive as a result of Ms. Lahr's conduct.

41. Defendant failed to prevent or cease the harassment by Ms. Lahr.

42. As such, Defendant's actions are an unlawful employment practice under the PHRA.

43. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including, but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages, and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

44. Pursuant to the PHRA, Plaintiff demands attorneys' fees and costs.

**Count III**
**Unlawful Retaliation/Wrongful Termination in**
**Violation of Title VII of the Civil Rights**
**Act of 1964, 42 U.S.C. § 2000e, et seq.**
**("Title VII")**

45. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

46. Plaintiff is an "employee" of Defendant as such term is defined pursuant to Title VII.

47. Defendant is an "employer" of Plaintiff as such term is defined pursuant to Title VII.

48. Plaintiff engaged in activity protected by Title VII when he called Defendant's National Director, Amanda Wiley, to file a hostile work environment and sexual harassment complaint against Ms. Lahr on or about August 05, 2019.

49. Plaintiff was subjected to termination of his employment, a materially adverse action, on or about August 09, 2019.

50. The adverse action taken against Plaintiff occurred because of his engagement in protected activity.

51. Any non-retaliatory reasons provided by Defendant for the adverse action taken against Plaintiff are pretextual.

52. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by Title VII.

53. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including, but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages, and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

54. As a result of Defendant's malicious or reckless indifference to Plaintiff's rights, Plaintiff demands punitive damages.

55. Pursuant to Section 704(a) of Title VII, Plaintiff demands attorneys' fees and costs.

**Count IV**
**Unlawful Retaliation/Wrongful Termination in**
**Violation of the Pennsylvania Human**
**Relations Act, 43 P.S. § 951, et seq.**
**("PHRA")**

56. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

57. Plaintiff is an "employee" of Defendant and "person" as such terms are defined pursuant to the PHRA.

58. Defendant is an "employer" of Plaintiff as such term is defined pursuant to the PHRA.

59. Plaintiff engaged in activity protected by the PHRA when he called Defendant's National Director, Amanda Wiley, to file a hostile work environment and sexual harassment complaint against Ms. Lahr on or about August 05, 2019.

60. Plaintiff was subjected to termination of his employment, a materially adverse action, on or about August 09, 2019.

61. The adverse action taken against Plaintiff occurred because of his engagement in protected activity.

62. Any non-retaliatory reasons provided by Defendant for the adverse action taken against Plaintiff are pretextual.

63. As such, Defendant's decision to terminate Plaintiff's employment is a retaliatory action prohibited by the PHRA.

64. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including, but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages, and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

65. Pursuant to the PHRA, Plaintiff demands attorneys' fees and costs.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, George Phelps, demands judgment in his favor against Defendant, Collegiate Housing Services, Inc., in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Punitive damages;

C. Attorneys' fees and costs of suit;

D. Interest, delay damages; and

E. Any other further relief this Court deems just, proper, and equitable.

Respectfully Submitted,

**Law Offices of Eric A. Shore, P.C.**

By: _____

Yvette C. Cave, Esq. (PA # 329607)
600 North Jackson Street, Suite 201
Media, Pennsylvania  19063
T:   (610) 355-1999
F:   (215) 944-6124
E:   YvetteC@EricShore.com
*Attorneys for Plaintiff, George Phelps*

Dated: 06/28/2021

## <u>VERIFICATION</u>

    I, George Phelps, Plaintiff in the within action, verify that I have reviewed the facts set forth in this Complaint, and the facts set forth are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of Section 4904 of the Crimes Code (18 PA. C.S. § 4904) related to unsworn falsification to authorities. I verify that I am submitting this Complaint under penalty of perjury.

George Phelps
Plaintiff

Dated: 06/24/2021